## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JENNIFER MCPHAIL** | § | |
| | § | |
| | § | **A-14-CA-829-LY** |
| | § | |
| **LYFT, INC.** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion to Remand (Dkt. No. 5); Lyft's Response to Plaintiff's Motion to Remand (Dkt. No.6); and Plaintiff's Reply (Dkt. No. 9).  The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  BACKGROUND

On July 24, 2014, Plaintiff Jennifer McPhail ("Plaintiff" or "McPhail") filed suit against Defendant Lyft, Inc., ("Defendant" or "Lyft") in the 98th Judicial District Court of Travis County alleging that Lyft failed to provide her an accessible cab or equivalent transportation service. McPhail, an Austin resident, has a physical disability and uses a wheelchair for mobility.  She is also a member of ADAPT of Texas, a grass-roots disability rights organization made up primarily of people with disabilities.  Among other things, ADAPT has worked to ensure that transportation services including urban, intercity and taxi transportation are accessible to people with disabilities. Dkt. No. 1-3 at pp. 2-3.  Lyft, a Delaware corporation with its principal place of business in San

Francisco, California, is a is a mobile-based ridesharing platform that matches people who need rides with people who have cars.  It is utilized in over 65 cities, including Austin.  Lyft does not provide transportation services and does not own any vehicles.  The Lyft platform provides a means to match drivers and riders. In Austin, the rider, in his or her sole discretion, may voluntarily elect to make a suggested donation to the driver or no donation at all.  Dkt. No. 1-4.

On July 15, 2014, McPhail used a cellphone application to contact Lyft for a ride.  Dkt. No. 1-3 at p. 3.  The vehicle that arrived was not wheelchair accessible.  *Id.*  McPhail alleges that Lyft does not have a single wheelchair accessible vehicle operating in Austin.  *Id.*  In her Original Petition filed in state court, McPhail alleges that the failure to accommodate her disability violates Chapter 121 of the Texas Human Resource Code.  TEX. HUM. RES. CODE § 121.003.  The Original Petition states, "Chapter 121 provides for a penalty of at least $300 to an aggrieved party for each violation of the law . . . . There is no maximum to this penalty."  *Id.* at 7.  McPhail also asks the Court to declare that Lyft's actions violate Title III of the the Americans with Disabilities Act and Chapter 21, and requests a permanent injunction forcing Lyft to comply with both statutes.  On August 29, 2014, Lyft filed a notice of removal to federal district court based on federal question jurisdiction under 28 U.S.C. §§ 1441, and diversity jurisdiction under 28 U.S.C. §1332. Dkt. No. 1.  On that same day, McPhail filed her First Amended Petition with the state court deleting any reference to Title III of the ADA.  Dkt. No. 2-3.  Asserting that it was unclear whether the First Amended Petition was filed before or after the Notice of Removal, Lyft filed an Amended Notice of Removal including the First Amended Petition.  Dkt. No. 2.

In the motion before the Court, McPhail argues that the Court has neither federal question nor diversity jurisdiction over this case.  She argues that the live pleading should be considered the

First Amended Petition, which excludes any reference to the ADA. She contends further that even if the Original Petition is considered her live pleading, the references to the ADA there were mistaken and are thus insufficient to raise a federal question. Regarding diversity jurisdiction, she argues that the amount she is seeking in damages is less than $75,000, and no diversity jurisdiction exists. Lyft responds that the live pleading is the Original Petition, as the Notice of Removal was filed prior to the filing of the First Amended Petition, and federal question jurisdiction exists because McPhail seeks relief in her Original Petition under Title III of the ADA. On the issue of diversity jurisdiction, Lyft contends such jurisdiction exists because the parties are citizens of different states, and the amount in controversy—when viewed from the costs Lyft would incur if the Plaintiff prevailed—exceeds $75,000.

## II. ANALYSIS

The Court was recently faced with a case presenting nearly identical facts. *See Salovitz v. Uber Tech., Inc.*, 2014 WL 5318031 (W.D. Tex., Oct. 16, 2014). Indeed, the firm representing the plaintiff in that case is the same firm representing McPhail here. In that suit the plaintiff sued Uber Technologies, Inc., another ride-sharing application, making the very same claims McPhail makes here. Both that suit and this case were filed in the Travis County District Court on July 24, 2014. As with this case, the *Uber* suit was removed on the basis of both federal question and diversity jurisdiction. Like here, the petition in that case contained some stray references to the ADA. As with the motion to remand here, in *Uber* the plaintiff's counsel averred that the references to the ADA were made in error, and that no claim under federal law was intended to be raised in the suit.

After examining the relevant law, the undersigned concluded in the *Uber* case that the mistaken references to the ADA were insufficient to invoke the Court's federal question jurisdiction,

and noted that a number of other federal district courts had reached the same conclusion in similar scenarios. *Id.* at *4. Here, the evidence that the ADA references were mistaken is even stronger than in *Uber*, as McPhail's attorneys attempted to remove the references to the ADA prior to removal.[1] Though it appears that Lyft is correct that the live pleading is the Original Petition, since the case was removed prior to McPhail's filing of her First Amended Petition, the mistaken inclusion of the acronym "ADA" in the Prayer, and in her request for injunctive relief, is insufficient to raise a federal question, for all of the reasons already detailed in *Uber*. *Id.*

In *Uber,* this Court also rejected the argument Lyft makes in support of its claim that there is diversity jurisdiction over this case. In short, though Lyft concedes that McPhail has properly limited her maximum recovery to less than $75,000, it argues that McPhail has failed to consider the costs Lyft would incur if forced to comply with the injunctive relief McPhail seeks, which it contends would push the amount in controversy far beyond $75,000. Uber made this same argument in the prior case, relying on essentially the same body of law, and the undersigned concluded that the costs of complying with any injunction granted could not be considered as part of the amount in controversy analysis, because "[t]his measures the amount in controversy from the wrong perspective . . . as it is be measured from the point of view of the plaintiff." *Id.* at *6. Lyft correctly recognizes that "the amount in controversy, in an action for declaratory or injunctive relief, is the

---

[1]Approximately an hour before the Notice of Removal was filed, McPhail notified Lyft's counsel of her intent to delete the ADA references by faxing Lyft's counsel a copy of her First Amended Petition. *See* Dkt. No. 8-2 (fax sent at 11:32 am on August 29, 2014); and Dkt. No. 1 (Notice of Removal filed at 12:27 pm on August 29, 2014). Lyft filed the Notice of Removal before the Amended Petition was filed, however, and thus bases its federal question arguments on the Original Petition. (Lyft subsequently filed an amended Notice of Removal, acknowledging its receipt of the Amended Petition, and stating that it was including that information out of an abundance of caution, as it was not clear whether or when the Amended Petition had been filed in the state court.)

value of the right to be protected or the extent of the injury to be prevented." *See, e.g., Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013), *cert. denied*, 2014 WL 3890319 (2014). But as McPhail notes, though Lyft acknowledges this, it "simply misapplies the standard." *See* Dkt. No. 9 at 6.  Here, the "right to be protected" or the "injury to be prevented" is McPhail's asserted right not to be discriminated against.  Lyft has no right at stake, nor does it have a potential injury it is seeking to prevent.  The cases Lyft cites where courts have placed a value on injunctive relief by looking to the potential impact of the relief on the defendant are all inapposite, as they are cases in which declaratory or injunctive relief was sought on contractual rights, or insurance policies.[2]  Conspicuously, Lyft fails to cite any cases where the plaintiff was seeking to assert a civil right, and the court valued the amount in controversy based on what it would cost the defendant *not* to violate that civil right.  When the standard is applied properly, the amount in controversy here is limited to the value of McPhail's right not to be discriminated against, and she has properly limited her right to recover for any such discrimination to an amount less than $75,000.  Diversity jurisdiction is therefore lacking.

In short, the issues raised in the motion to remand here are identical to those raised in the *Uber* case.  For all of the reasons stated above, and as explained in more detail in *Salovitz v. Uber Tech., Inc.*, 2014 WL 5318031 (W.D. Tex., Oct. 16, 2014), the Court will recommend to the district judge that this case be remanded to the 98th Judicial District Court of Travis County, Texas.

---

[2]*See, e.g., St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250 (5th Cir. 1998) (insurance policy dispute); *Ray Mart, Inc. v. Stock Bldg. Supply of Tex., L.P.*, 435 F.Supp. 2d 578 (E.D. Tex. 2006) (contract dispute).

### III.  RECOMMENDATION

The undersigned **RECOMMENDS** that the Court **GRANT** Plaintiff's Motion to Remand (Dkt. No. 5) and **REMAND** this case to the 98th Judicial District Court of Travis County Texas.  In addition, because remand is appropriate without considering the amended complaint, the undersigned **FURTHER RECOMMENDS** that the Court **DISMISS** Plaintiff's Opposed Motion for Leave to Amend (Dkt. No. 8) as moot.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 25th day of November, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE